UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

ALFREDO CERTEZA, individually
and on behalf of a class of all persons and
entities similarly situated,

      Plaintiffs,

vs.                                                                          Case No.   2:24-cv-03020-DCN

SOUTHERN INDUSTRIES HOME
IMPROVEMENTS LLC

      Defendant.

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.    "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.    "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive

telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      Plaintiff Alfredo Certeza brings this action alleging a violation of the TCPA for contact his number that he placed on the National Do Not Call Registry as well as on behalf of individuals who received multiple calls from the Defendant after they requested to no longer receive calls.

4.      The Plaintiff also brings this action pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10 *et. seq.*

5.      The SCTPPA prohibits a company from making a call to a South Carolina telephone number that had been registered on the Do Not Call Registry, as Mr. Certeza's was prior to receiving the call.

6.      Mr. Certeza and putative class members never consented to receive these calls. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Mr. Certeza brings this action on behalf of a proposed

nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

7.    A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

8.    Plaintiff Alfredo Certeza resides in Colleton County, South Carolina.

9.    Defendant Southern Industries Home Improvements LLC is a Georgia limited liability company.

## Jurisdiction & Venue

10.    The Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the SCTPPA claims as they arise from the same case and controversy, the telemarketing campaign of the Defendant.

11.    The Court has specific personal jurisdiction over the defendant because the calls at issue were made into this District.

12.    Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim—namely, the calls to Mr. Certeza—occurred in this District.

## Statutory Background

13.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing …

can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

14.    In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

15.    § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

16.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

17.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

18.    FCC regulations also expressly require companies that engage in telemarketing to implement certain policies and procedures for maintaining an internal do not call list. 47 C.F.R. § 64.1200(d).

19.    Courts across the country have held that the 47 U.S.C. § 227(c)(5) provides a private right of action for claims premised on violations of the TCPA implementing regulations promulgated pursuant to 47 U.S.C. §§ 227(c)(1)-(4), including for example claims under 47 C.F.R. § 64.1200(d).

20.    To engage in telemarketing, a company's do not call list procedures must satisfy six specific minimum requirements. 47 C.F.R. §§ 64.1200(d)(1)-(6).

21.    One of them is maintaining an internal do not call list. *Id*. at § (d)(6).

22.    Another is training personnel regarding the existence and use of the internal do not call list. *Id*. at § (d)(2).

23.    And still another is recording do not call requests and complying with them. *Id*. at § (d)(3).

24.    If a company fails to satisfy any one of these requirements, it is not entitled to engage in telemarketing (and violates the law by doing so), regardless of whether it satisfies all of the regulation's other requirements.

25.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The SCTPPA

26.    On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10 *et. seq*.

27.    The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

28.    The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA. S.C. Code § 37-21-80.

**Factual Allegations**

Calls to Mr. Certeza

29.    Mr. Certeza is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

30.    Mr. Certeza's telephone number, (843) 442-XXXX has been on the National Do Not Call Registry since 2009,

31.    That telephone number is for personal calls only.

32.    That telephone number is the Plaintiff's residential line.

33.    That telephone number is not used for business purposes.

34.    Despite this, the Plaintiff received dozens of telemarketing calls from the Defendant.

35.    The Plaintiff never provided his prior express written consent to receive telemarketing calls from the Defendant.

36.    However, on December 8, 2023, more than a month after considering a quote from the Defendant, the Plaintiff sent the following writings to the Defendant on December 8 and 12, 2023:

> "Stop calling. In South Carolina, telemarketers can only make calls between 8 AM and 9 PM. They must obtain written consent from the consumer before making calls."
>
> "Stop calling now !!! This number is registered. Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 1526 on November 28, 2009. Most telemarketers will be required to stop calling you 31 days from your registration date."

37.    Despite this, the Plaintiff received more than 40 calls from the defendant between January 1, 2024 and February 23, 2024.

38.    The calls were all made for the same purposes, to offer the Defendant's services to make home repairs for the Plaintiff.

39.    The Plaintiff was specifically advertised for a home improvement of siding on his house.

40.    The Caller ID for the call attempts always said "Southern".

41.    The Plaintiff was uninterested in the calls, and would ask the caller to stop calling.

42.    However, the calls continued.

43.    Indeed, in response to a complaint that the Plaintiff made, the business stated:

> We apologize for any inconvenience caused by our call attempts. Your feedback is important to us, and we're committed to providing an exceptional experience.

## Class Action Allegations

43.    As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff bring this action on behalf of classes of all other persons or entities similarly situated throughout the United States.

44.    The classes of persons Plaintiff propose to represent are tentatively defined as:

**National Do Not Call Registry Class**:

All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Internal Do Not Call Registry Class**:

All persons in the United States whose (1) previously requested that their telephone numbers no longer at least 31 days previously, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of Southern Industries' goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**SCTPPA Class**:

All persons with a South Carolina area code to whom (a) at any time from May 18, 2018 (b) Defendant, or someone acting on their behalf (c) placed at least one telephone solicitation to a number registered on the National Do Not Call Registry.

45.    Excluded from the classes are the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

46.     The classes as defined above are identifiable through phone records and phone number databases that will be obtained through discovery.

47.     The potential class members number at least in the thousands, since automated telemarketing campaigns make calls to hundreds or thousands of individuals a day.  Individual joinder of these persons is impracticable.

48.     Plaintiff is a member of both classes.

49.     There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

    a.    Whether the Defendant violated the TCPA by calling individuals on the National Do Not Call Registry or that had asked to previously no longer receive calls;

    b.    Whether the Defendant placed calls without obtaining the recipients' prior consent for the call;

    c.    Whether the Defendant violated the SCTPPA by making calls to South Carolina telephone numbers registered with the National Do Not Call Registry; and

    d.    Whether Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

50.     Plaintiff's claims are typical of the claims of class members.  Plaintiff's claims, like the claims of the classes, arise out of the same common course of conduct by the Defendant and are based on the same legal and remedial theories.

51.     Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

52.     In fact, the Plaintiff have foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim.

53.     The actions of the Defendant are generally applicable to the classes and to the Plaintiff.

54.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

55.    The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## Legal Claims

**Count One:**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

56.    Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

57.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

58.    Defendant's violations were negligent, willful, or knowing.

59.    As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

60.    Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to

telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## Count Two:
## Violation of the SCTPPA

61.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

62.    The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to an area code of the state of South Carolina to a number that is registered on the National Do Not Call Registry.

63.    The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA, as well as attorneys' fees and costs. S.C. Code § 37-21-80.

## Count Three:
## Violations of the TCPA, 47 U.S.C. § 227
## (On Behalf of Plaintiff and the Internal DNC Class)

64.    Plaintiff repeats the prior allegations of this Complaint and incorporate them by reference herein.

65.    Defendant placed numerous calls for telemarketing purposes to Plaintiff and Internal DNC Class Members' telephone numbers.

66.    Defendant did so despite not having a written policy pertaining to "do not call" requests.

67.    Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list.

68.    Defendant did so despite not recording or honoring "do not call" requests.

69.    Defendant placed two or more telephone calls to Plaintiffs and Internal DNC Class members in a 12-month period.

70.    Plaintiff and Internal DNC Class members are entitled to an award of up to $500 in statutory damages per telephone call pursuant to 47 U.S.C. § 227(c)(5).

71.    Plaintiff and Internal DNC Class members are entitled to an award of treble damages in an amount up to $1,500 per telephone call, pursuant to 47 U.S.C. § 227(c)(5).

## Relief Sought

For themselves and all class members, Plaintiff request the following relief:

A.    Certification of the proposed classes;

B.    Appointment of the Plaintiff as representatives of the classes;

C.    Appointment of the undersigned counsel as counsel for the classes;

D.    A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA and SCTPPA;

E.    An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.    An award to Plaintiff and the classes of damages, attorneys' fees, and costs, as allowed by law;

G.    Leave to amend this Complaint to conform to the evidence presented at trial; and

H.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

DATED this 14th day of May, 2024.

PLAINTIFF,
By his attorneys,

By:    _s/ Dave Maxfield_____
David A. Maxfield, Fed ID 6293
P.O. Box 11865
Columbia, SC 29211
803-509-6800
855-299-1656 (fax)
dave@consumerlawsc.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
*(To be admitted Pro Hac Vice)*

*Attorneys for the Plaintiff*

DATED: May 13, 2024